*E-FILED - 5/13/08*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| CARLOS ORTIZ, | ) | No. C 06-5368 RMW (PR) |
| Petitioner, | ) ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | ) ) | |
| ROBERT AYERS, Warden, | ) ) | |
| Respondent. | ) ) | |

  Petitioner Carlos Ortiz, a California state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a decision by the California Board of Prison Terms ("Board") that he is unsuitable for parole.  The court directed respondent to show cause why the cognizable claims should not be granted.  Respondent has filed an answer addressing the merits of the petition, and petitioner has filed a traverse.  Having reviewed the briefs and the underlying record, the court concludes that petitioner is not entitled to relief based on the claims presented and will deny the petition.

**BACKGROUND**

  The charges against petitioner arose from his murder of his cocaine dealer.  The facts of the commitment offense are as follows.  The victim, Enrique Sanchez, house-sat for a friend in San Jose, California in April 1985.  Ans., Ex. 4 (Probation Officer's Report, Oct. 1986) at 2.  As

part of this arrangement, Sanchez sold cocaine to the house-owner's drug clientele. Id. In the evening and early morning hours of April 13 and 14, petitioner bought small amounts of cocaine on four occasions from Sanchez. Id. Sanchez's corpse was found in the living room of the house on April 14, having been stabbed approximately 60 times in the head, neck and back. Id. Police officers found petitioner's name and telephone number printed on a piece of paper in the house. Id.

Petitioner's current version of the commitment offense is as follows. After a day of heavy cocaine use, he visited the victim yet again that day to purchase more cocaine. Pet., Ex. C (Mental Health Evaluation, Nov. 2005) at 2. Sanchez, irritated that petitioner had disturbed him again, "verbally confronted" petitioner and physically shoved him. Id. Angered, petitioner picked up a knife from a nearby table and stabbed Sanchez, who tried to protect himself from the blows. Id. "I was under the influence [of drugs] that night . . . paranoid. I thought he was going to hurt me. I wasn't thinking." Id.

In 1986, a Santa Clara County Superior Court jury found petitioner, who is currently in custody at San Quentin State Prison, guilty of second-degree murder (Cal. Pen. Code § 187). Ans., Ex. 2 (Abstract of Judgment); Pet. at 4. The trial court sentenced petitioner to a total term of fifteen years to life. Id. The California Court of Appeal affirmed his conviction. Pet. at 4.

In December 2005, the Board found petitioner unsuitable for parole, citing as its reasons that "[t]he offense was carried out in an especially cruel and callous manner," that resulted in the death of a twenty-six year old man, for a motive that was "inexplicable or very trivial in relation to the offense." Pet., Ex. B at 73. Petitioner filed state habeas petitions, all later denied, in the California superior, appellate, and supreme courts. Pet. at 6-7. Petitioner filed the instant federal petition in 2006.[1]

---

1. Respondent contends that this court does not have subject matter jurisdiction over the instant petition because California inmates have no federally protected due process right to parole release. Ans. ¶ 14. Controlling Ninth Circuit authority, however, holds that petitioner has a federally protected liberty interest in parole release and therefore this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2254. See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Sass v. California Board of Prison Terms, 461 F.3d 1123, 1125 (9th Cir.

As grounds for federal habeas relief, petitioner alleges that (1) the Board violated his right to due process because its decision lacked "some evidence" to support it; (2) the Board's continued reliance on the circumstances of the commitment offense violates petitioner's constitutional rights; and (3) the regulations the Board used to make its decision contain intolerable, vague criteria for determining suitability and directly violate his right to due process and equal protection.[2]  Order to Show Cause ("OSC") at 2.

## DISCUSSION

**A.    Standard of Review**

This court will entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts."  Williams (Terry) v. Taylor, 529 U.S. 362, 412-13 (2000).  "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 413.  "[A] federal habeas court

---

2006).

2. The court dismissed petitioner's third claim regarding the California Superior Court's failure to give a fair and meaningful review of his claims. OSC at 2.

1  may not issue the writ simply because that court concludes in its independent judgment that the
2  relevant state-court decision applied clearly established federal law erroneously or incorrectly.
3  Rather, that application must also be unreasonable." Id. at 411.
4      "[A] federal habeas court making the 'unreasonable application' inquiry should ask
5  whether the state court's application of clearly established federal law was 'objectively
6  unreasonable.'" Id. at 409. In examining whether the state court decision was objectively
7  unreasonable, the inquiry may require analysis of the state court's method as well as its result.
8  Nunes v. Mueller, 350 F.3d 1045, 1054 (9th Cir. 2003). The standard for "objectively
9  unreasonable" is not "clear error" because "[t]hese two standards . . . are not the same. The gloss
10 of error fails to give proper deference to state courts by conflating error (even clear error) with
11 unreasonableness." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).
12     A federal habeas court may grant the writ if it concludes that the state court's
13 adjudication of the claim "results in a decision that was based on an unreasonable determination
14 of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §
15 2254(d)(2). The court must presume correct any determination of a factual issue made by a state
16 court unless the petitioner rebuts the presumption of correctness by clear and convincing
17 evidence. 28 U.S.C.   § 2254(e)(1).

**B.     Petitioner's Claims**

Petitioner contends that the Board's denial of parole is not supported by "some evidence." OSC at 2. The Board complies with due process provided that there is "some evidence" to support its decision. The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." Sass v. California Bd. of Prison Terms, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)); see McQuillion v. Duncan, 306 F.3d 895, 904 (9th Cir. 2002) (same). Additionally, the evidence underlying the Board's decision must have some indicia of reliability. McQuillion, 306 F.3d at 904.

1  Accordingly, if the Board's determination of parole suitability is to satisfy due process, there
2  must be some evidence, with some indicia of reliability, to support the decision. Rosas v.
3  Nielsen, 428 F.3d 1229, 1232 (9th Cir. 2005); McQuillion, 306 F.3d at 904.

      In assessing whether there is "some evidence" to support the Board's denial of parole, this Court must consider the regulations that guide the Board in making its parole suitability determinations. The Board is to consider "all relevant, reliable information available." 15 Cal. Code Regs. § 2402(b). Section 2402(a) states that "[t]he panel shall first determine whether the life prisoner is suitable for release on parole. Regardless of the length of time served, a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." The regulations enumerate various circumstances tending to indicate whether or not an inmate is suitable for parole. 15 Cal. Code Regs. § 2402(c)-(d).[3]

      Applying these principles to the instant case, petitioner's claim is without merit. The court finds that there was some evidence to support the Board's parole decision, based not only on the circumstances of the commitment offense, but also on other relevant considerations. After a full hearing, the Board concluded that petitioner was not suitable for parole and "would pose an unreasonable risk of danger to society or a threat to public safety if released from prison." Ans., Ex. 3 at 73. As its reasons for this decision, the Board stated that "[t]he offense was carried out in an especially cruel and callous manner. The victim in this case, Enrique Sanchez[,] . . . . was age 26 years at the time. The victim was alone and unarmed when they apparently got into a scuffle and [petitioner] proceeded to stab Mr. Sanchez to death." Id. at 73-

---

3. The circumstances tending to show an inmate's unsuitability are: (1) the commitment offense was committed in an "especially heinous, atrocious or cruel manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic sexual offenses; (5) psychological factors such as a "lengthy history of severe mental problems related to the offense;" and (6) prison misconduct. 15 Cal. Code Regs. § 2402(c). The circumstances tending to show suitability are: (1) no juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment offense was committed as a result of stress which built up over time; (5) Battered Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the possibility of recidivism; (8) plans for future including development of marketable skills; and (9) institutional activities that indicate ability to function within the law. Id. § 2402(d).

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.06\Ortiz368.hcruling.md

1   74. Furthermore, "[t]he offense was carried out in a manner which demonstrates an
2   exceptionally callous disregard for human suffering in that the victim sustained 66 stab wounds
3   to his heat, neck, chest and back." Id. at 74.  Also, the Board found that "the motive for the
4   crime was inexplicable or very trivial in relation to the offense in that it was over the purchase
5   and use of illegal narcotics." Id.

6       In addition to the nature and circumstances of the commitment offense, the Board
7   considered other parole suitability factors, such as petitioner's criminal history and the
8   opposition of the police and district attorney to petitioner's release. Id. at 75.  The Board found
9   petitioner's criminal record of theft, vandalism, and possession of controlled substances
10  troubling. Id.  The Board, though commending petitioner for his involvement in narcotics
11  addiction programs and other positive social organizations and for "being disciplinary-free,"
12  expressed deep concern that the crime was a "really violent act," and that the Board "need[s] to
13  understand that [petitioner] know[s] the factors for that rage [that caused the act]." Id. at 76.
14  "Until progress is made [petitioner] continues to be unpredictable and a threat to others." Id.
15  The Board also noted that the District Attorney of Santa Clara County and the San Jose Police
16  Department voiced their opposition to parole. Id.  Because some evidence exists to support the
17  Board's finding of parole unsuitability, the Board's decision has complied with the requirements
18  of due process.[4]

19      Petitioner also contends that the Board's continued reliance on the circumstances of the
20  commitment offense has resulted in a deprivation of his right to due process. Pet., P. & A. at 6-
21  8.
22  Ninth Circuit precedent holds that a continued reliance solely on the circumstances of the

23

---

24
25  4. Petitioner also contends that the Board disregarded California Penal Code section 3041, which indicates that a grant of parole is the norm.  The claim is without merit.  Although section 3041
26  does state that "[t]he panel or the board . . . shall set a release date," the statute goes on to say that a release date shall not be set if "the gravity of the current convicted offense or offenses, or
27  the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration."
28

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.06\Ortiz368.hcruling.md

6

commitment offense may eventually result in a violation of due process. The Ninth Circuit has reasoned that "[t]he Parole Board's decision is one of 'equity' and requires a careful balancing and assessment of the factors considered. . . . A continued reliance in the future on an unchanging factor, the circumstance of the offense and conduct prior to imprisonment, runs contrary to the rehabilitative goals espoused by the prison system and could result in a due process violation." Biggs v. Terhune, 334 F.3d 910, 916-17 (9th Cir. 2003). In a recent decision, the Ninth Circuit emphasized the continuing vitality of Biggs. See Irons v. Carey, 479 F.3d 658 (9th Cir. 2006). The Ninth Circuit stressed its hope that "the Board will come to recognize that in some cases, indefinite detention based solely on an inmate's commitment offense, regardless of the extent of his rehabilitation, will at some point violate due process, given the liberty interest in parole that flows from relevant California statutes." Id. at 664 (citing Biggs, 334 F.3d at 917). However, the Ninth Circuit has not set a standard as to when a complete reliance on unchanging circumstances would amount to a due process violation.

This court, as detailed above, finds some evidence to support the Board's finding, consonant with due process and the Ninth Circuit's holding in Biggs, that petitioner was unsuitable for parole. While the circumstances of the commitment offense are long past, they provide at this time some evidence to support the Board's decision. Furthermore, the Board did not rely solely on the circumstances of the commitment offense, but also on other relevant considerations.

Petitioner also contends that the regulations the Board uses to make its decision contain intolerable and vague criteria for determining parole suitability and directly violate his right to due process and equal protection. OSC at 2; Pet., P. & A. at 11.

Petitioner's claim is without merit. As an initial matter, "[t]he Due Process Clause does not require the same precision in the drafting of parole release statutes as is required in the drafting of penal laws." Hess v. Board of Parole and Post-Prison Supervision, 514 F.3d 909, 913-14 (9th Cir. 2008). The language the Board uses regarding determining parole suitability based on the commitment offense and to which petitioner objects echoes that of California Code

of Regulations title 15, section 2404(c)(1), which states that a circumstance indicating parole unsuitability is that the commitment offense was carried out "in an especially heinous, atrocious or cruel manner." Section 2404(c)(1) then provides a list of five factors to consider when determining whether a crime was carried out in this manner, including the presence of multiple victims, the abuse or mutilation of the victim and a trivial motive for the crime. See id. at (A)-(E). Because the term "especially heinous, atrocious, or cruel" is further limited by these five detailed factors, it is not constitutionally vague. Cf. Arave v. Creech, 507 U.S. 463, 470-78 (1993) (Idaho death penalty statute citing as an aggravating factor crimes carried out in an "utter disregard for human life" was not impermissibly vague because limiting construction had been adopted which defined factor as those crimes demonstrating "the utmost disregard for human life, i.e., the cold-blooded pitiless slayer"). Because the regulatory language from which the Board derives its guidance and authority is sufficiently detailed to tether and focus the decision-making process of the Board, petitioner's claim is without merit.

## CONCLUSION

Applying the highly deferential standard imposed by AEDPA, this court concludes that the state court's determination was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (1), (2). Accordingly, the court concludes that petitioner has failed to show any violation of his federal constitutional rights in the underlying state court proceedings and parole hearing. The petition for writ of habeas corpus is DENIED. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

DATED: 5/9/08

RONALD M. WHYTE
United States District Judge

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.06\Ortiz368.hcruling.md

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order Denying Petition for Writ of Habeas Corpus
G:\pro-se\sj.rmw\hc.06\Ortiz368.hcruling.md

9